Good morning and may it please the court. My name is Paul Dell. I represent the appellant Wayne Robbins. Mr. Robbins appeals his sentence, which was above the applicable guideline for the United States v. Robbins. It is deeply troubling that the government is here today defending the district court judge rather than their own office in their own recommendation and sentencing. It is ironic. That's what they're supposed to do. The judge made the decision. The judge's decision was either lawful or it wasn't, and that's what we're focused on. They made a recommendation. I can't tell you the number of times I thought I was like the only one in the room as a district judge. Well, this was particularly the cooperators, where it was focusing on what the guy actually did. The government often recommends leniency that the judge doesn't agree with. If the judge is right, they're supposed to defend that decision. So the fact that they recommended something less or were willing to stipulate to something less doesn't matter. The question is, what did the judge do wrong? Number one, the government did not recommend leniency. The government recommended a guideline sentence. You look lenient to Judge Sinatra. So please tell me, tell us, what the errors were that the judge made. We know that the government would have been satisfied with a lesser sentence. So why was the judge incorrect, procedurally or substantively, in disagreeing with that? Okay, I'll answer both. First, procedurally, I was given no notice whatsoever of the judge's intent. This judge's policy is that the probation department's recommendation to him is under seal. I still have never seen it. And if you review the sentencing transcript, he went through everything by the book, and then he asked to hear it from me, he asked to hear it from my client. And only then did he pronounce the sentence that was above the guidelines. And we have case law saying that when that deviation from a guidelines recommendation is a so-called variance, the old school rules about departures no longer apply. I understand that. My question is, is there any departure on the books that can't be brushed aside as a variance? So why have a departure? I don't know. You have to ask the sentencing commission that. But I don't know why any judge would worry very much anymore about a procedure that is an artifact of the mandatory guidelines system that no longer exists. They don't need to do a departure. Now, of course, the other point is, when the judge did this, did you say, wait a minute, Your Honor, you didn't give me notice that you were contemplating deviating from the guidelines? And that's, with all respect, an error, and I should have been given notice. And now I should have some time to formulate a response. To be honest, Your Honor, I was shocked. I've been representing defendants in the Western District of New York for 25 years, and this is the only time that something like that ever happened to me. And that's my mistake. But what makes the law under departure, the old school's important, is that a defendant is entitled to due process of law and should be able to respond to the judge's intentions. I have no access to the sealed recommendation, and I was not given any hint whatsoever. In fact, weeks before the sentencing, I received a pre-sentence report, and I'm like, wow, well, me and the assistant U.S. attorney, we got the criminal history wrong. It's actually lower than we thought. This should be a pretty standard sentencing. You know, I went in there not at all expecting something above the guidelines. So that's my answer procedurally. With regard to the- What would you have said if the judge said, I'm considering going above the guidelines that you didn't say already? Okay. Either then or now? I would have said that the judge exaggerated what is detailed in the pre-sentence report. He talked about a history of violent and threatening conduct, including domestic violence, misconduct while incarcerated, and membership in a gang. Much of the criminal history, however, is not of a violent nature. There is some there, but not all of it. Much of it was remote or addressed in a family court setting. Much of it did not result in convictions. None of the alleged domestic violence resulted in a conviction. On that point, though, counsel, didn't the court explain when certain conduct did not result in conviction that there were allegations of X, Y, and Z? Right. And some of the history described did not even result in an arrest. He brought up the misconduct while incarcerated. That appears to refer to marijuana being found on Mr. Robbins' person while he's being transported to the Buffalo Police Holding Center. And with regard to gang membership, in my experience, most defendants are alleged to be in a gang. And that can often be more a matter of growing up in a certain neighborhood than actually being a part of a criminal organization. Simply put, the upper departure, essentially of two criminal history levels, was not fair, procedurally or substantively. Essentially, what the judge did was he eviscerated any benefit of the plea. Mr. Robbins may as well have gone to trial because the three levels for taking responsibility were basically gone as a result of the sentence. On that case, though, the maximum exposure was still significant. Sure. But again, the sentencing guidelines, we study this and take in millions of taxpayers' money and they put out reports. It says, hey, taking responsibility should be three levels. So if he had gone to trial and you had given him even a worse sentence than this, we would be here. But as a result of everything that happened, I submit that my client, he didn't get a deal for pleading guilty. And it wasn't fair. And it's hard enough to represent defendants in federal criminal law. But when you can't trust a judge, and then when you go to an appeal and the government defends the judge instead of their own office, it really makes it difficult. And I submit that my client, you can talk about he's a bad person. You can talk about his pending state stuff, which the court clearly said he disregarded. You can talk about, oh, we're only talking about nine months. We're only talking about four months above the PSR. But it's the principle of the thing. The whole system breaks down and makes it extremely hard to represent defendants. Well, I mean, the judge said at sentencing, at the guilty plea, I'm sure, right? I mean, he's going to say the contrary, that he's not bound by that agreement. Of course. And that he can make his own determination of what the sentence is. That's exactly right. And, of course, I very carefully explain that to my clients because they have to understand it. But when they say, well, Mr. Dell, what's the benefit of this plea agreement? I say, well, the judge looks at this guideline range. And unless there's some reason to depart or a variance or something like that, your benefit, well, number one, you get three levels down. But number two, you're probably going to be sentenced within that range. And if I can't say that, there's no promise of that, and I'm clear, but if I can't say that to my client in a meaningful way, the whole system breaks down. And we're not going to have as many cases resolved in plea deals, even with overwhelmingly strong cases, if the defendants don't know that they're getting a benefit by pleading guilty. Thank you, counsel. Thank you. We'll hear from the government. May it please the court. Monica Richards for the United States of America on this appeal. I appreciate the court's note that the government has no obligation to defend its own recommendation during the sentencing. I would also note that in the plea agreement itself, the government's right to argue for the above guideline sentence or to support, make a claim with regard to that. The correctness of that above guideline sentence is also in the plea agreement, something that my friend would have discussed and was aware of with his client. That's in the appeal rights section of the plea agreement. But besides that, what we're here for is this above guideline sentence that was issued and the claims of procedural and substantial unreasonableness. Here, it's plain error with regard to the claim of procedural unreasonableness, as the court noted. There was no objection during the sentencing proceeding itself. Here, there was no clear or obvious error with regard to that because here the court, as was noted by Judge Lynch, can depart under 4A1.3, the sentencing guidelines, or can vary upon its consideration of the 3553A factors. Here, what the court did in issuing the variance was based on a concern with keeping the public safe and deterring future conduct based on history, based on the defendant's criminal history and personal history of, as he put it, disregard for human life. The continued violent conduct after prior allegations and or charges, as was noted by Judge Williams, some of the domestic violence charges remain just that, charges and allegations, not convictions. But the judge was entitled to consider that in terms of its analysis of this person's personal history characteristics. The seriousness of the offense here can't really be understated. This defendant had guns after a prior felony conviction, and notably, that's in the PSR paragraph 42, that prior conviction also involved a gun. So this is somebody who was indisputably engaged in repeated conduct despite prior intervention and involvement with the law. As to the substantive reasonableness, this court's review is for abuse of discretion. It's a deferential, excuse me, deferential abuse of discretion standard even. And here, this court would necessarily have to find that the sentence was shockingly high or unsupportable as a matter of law. Again, as was noted by Judge Williams, here the sentence could have been up to 10 years on this single charge. The benefit to the client was, in fact, that one charge was he was charged originally in the complaint with two guns. Two guns were involved in the offense, but only one was the subject of the plea agreement. Again, just one clarification, and then I'll stop if there's no questions. But in the confidential appendix, the PSR is in there, and there is a note in the PSR, I just have to address, at 27 of the confidential appendix, paragraph 100, where the PSR, the probation office, did share with my friend the possibility and the reasons for why an upward, a sentence above the guidelines might be necessary or could be appropriate in this case. Here, the court didn't do that based on the cited 4A1.3 factors, but as this court has noted, was able and had the authority to do so and consider it as a variance. If there's no further questions, then I would rest on my brief. Thank you, counsel. Thank you. Mr. Daly. I did, Your Honor. I don't have anything to add. All the points brought up by Ms. Richards are contemplated by the Sentencing Commission, and as I described, there's nothing in this case to lead to a variance or a departure of that. Thank you, counsel. Thank you both. We'll take the case under advisement.